UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the State
of New York,

      Plaintiffs,

      v.

HYLAN ASSET MANAGEMENT, LLC, et al.,

      Defendants.

Case No.: 1:18-cv-00710-EAW

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
MONETARY JUDGMENT AS TO
ANDREW SHAEVEL; JON E.
PURIZHANSKY; BOBALEW, LLC;
BOBALEW MANAGEMENT
CORPORATION; 6P, LLC; 6P
MANAGEMENT CORPORATION; AND
HYLAN ASSET MANAGEMENT, LLC**

Plaintiffs the Federal Trade Commission ("Commission") and the People of the State of

New York, by the Attorney General of the State of New York ("NY AG"), commenced this civil

action on June 26, 2018 by filing a complaint (the "Complaint") for temporary, preliminary, and

permanent injunctive relief and other equitable relief pursuant to Section 13(b) of the Federal

Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814(a) of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l(a), N.Y. Executive Law § 63(12), and

N.Y. General Business Law Article 22-A, § 349 and Article 29-H, § 601.  Plaintiffs amended

their complaint on August 27, 2018 and named additional defendants.  Plaintiffs and Defendants

Andrew Shaevel; Jon E. Purizhansky; Bobalew, LLC; Bobalew Management Corporation; 6P,

LLC; 6P Management Corporation; and, Hylan Asset Management, LLC, stipulate to the entry

of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve

all matters in dispute in this action between them.

1

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.   This Court has jurisdiction over this matter.

2.   The Complaint charges that Defendants participated in deceptive and abusive practices in
in connection with the marketing, distribution, sale, and placement of purported payday
loan debt portfolios, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and
N.Y. General Business Law Article 22-A § 349 and Article 29-H § 601.

3.   Defendants neither admit nor deny any of the allegations in the Complaint, except as
specifically stated in this Order.   Only for purposes of this action, Defendants admit the
facts necessary to establish jurisdiction.

4.   Defendants waive any claim that they may have under the Equal Access to Justice Act,
28 U.S.C. § 2412, concerning the prosecution of this action through the date of this
Order, and agree to bear their own costs and attorney fees.

5.   Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the
validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.   **"Corporate Defendants"** means Bobalew Management Corporation; Bobalew,
LLC; 6P Management Corporation; 6P, LLC; Hylan Asset Management, LLC;
and by whatever other names they may be known, and their successors and
assigns, any fictitious business entities or business names created or used by these
entities, any of the Subsidiary Defendants," *infra*, Hylan Debt Fund, and its series,
as well as Mainbrook Asset Partners, LLC and Mainbrook Asset Partners I, LLC.

2

B.     **"Credit Repair Service"** means selling, providing, or performing any service (or representing that such service can or will be sold, provided, or performed) through the use of any instrumentality of interstate commerce or the mails, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

C.     **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

D.     **"Debt Collection Activities"** means any activities of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, or asserted to be owed or due.

E.     **"Debt Collector"** means any Person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any Debts, or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third Person is collecting or attempting to collect such Debts.  The term also includes any Person to the extent such Person collects or attempts to collect any Debt that was in default at the time it was obtained by such Person.

F.     **"Defendants"** means all of the Individual Defendants, the Corporate Defendants, and the Subsidiary Defendants, individually, collectively, or in any combination.

3

G.  **"Financial Product or Service"** means any product, service, plan, or program

represented, expressly or by implication, to:

1.  provide to any consumer, arrange for any consumer to receive, or assist

any consumer in receiving, an extension of consumer credit;

2.  provide to any consumer, arrange for any consumer to receive, or assist

any consumer in receiving, Credit Repair Services; or

3.  provide to any consumer, arrange for any consumer to receive, or assist

any consumer in receiving, any Secured or Unsecured Debt Relief Product

or Service.

H.  **"Individual Defendants"** means Andrew J. Shaevel and Jon E. Purizhansky.

I.  **"Investment Grade Bond"** shall mean a bond that has been rated Baa3, P-3, or

higher by Moody's Investors Service; BBB-, A-3, or higher by Standard & Poor's

Global Ratings; or BBB-, F3, or higher by Fitch Ratings.

J.  **"Person"** means a natural person, organization, or other legal entity, including a

corporation, partnership, proprietorship, association, cooperative, or any other

group or combination acting as an entity.

K.  **"Subsidiary Defendants"** means Hylan Debt Fund, and its series, as well as

Mainbrook Asset Partners, LLC and Mainbrook Asset Partners I, LLC.

L.  **"Secured or Unsecured Debt Relief Product or Service"** means, with respect to

any mortgage, loan, debt, or obligation between a Person and one or more secured

or unsecured creditors or debt collectors, any product, service, plan, or program

represented, expressly or by implication, to: (A) negotiate, settle, or in any way

alter the terms of payment or other terms of the mortgage, loan, debt, or

4

obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a Person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a Person's dwelling, any other sale of collateral, any repossession of a Person's dwelling or other collateral, or otherwise save a Person's dwelling or other collateral from foreclosure or repossession; (C) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the Person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a Person's application for the mortgage, loan, debt, or obligation.

M.  **"Sensitive Personal Information"** means any of the following about a consumer: (a) Social Security number; (b) financial institution account number; (c) credit or

debit card information; or (d) any other information by which a consumer's

financial account can be accessed, or by which a consumer might be charged for

goods or services, including through third parties such as telecommunications

carriers.

## ORDER

### I.

### BAN ON DEBT COLLECTION ACTIVITIES

IT IS THEREFORE ORDERED that Defendants, whether directly or through an

intermediary, are permanently restrained and enjoined from:

A.     participating in Debt Collection Activities; and

B.     advertising, marketing, promoting, offering for sale, selling, distributing, buying,

or processing payments on any Debt or any information regarding a consumer

relating to a Debt.  Provided, however, that nothing in this subsection shall

prohibit Defendants from buying, selling, or holding any Investment Grade Bond.

### II.

### PROHIBITED MISREPRESENTATIONS RELATING TO
### FINANCIAL PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other Persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with

promoting or offering for sale any Financial Product or Service, are permanently restrained and

enjoined from misrepresenting or assisting others in misrepresenting, expressly or by

implication, any material fact, including but not limited to:

A.     the terms or rates that are available for any loan or other extension of credit;

B.     any aspect of any Credit Repair Service, including but not limited to (a) any

Person's ability to improve or otherwise affect a consumer's credit record, credit

history, or credit rating or ability to obtain credit; or (b) that any Person can

improve any consumer's credit record, credit history, or credit rating by

permanently removing negative information from the consumer's credit record,

credit history, or credit rating, even where such information is accurate and not

obsolete;

C.     any aspect of any Secured or Unsecured Debt Relief Product or Service, including

but not limited to, the amount of savings a consumer will receive from

purchasing, using, or enrolling in such secured or unsecured debt relief product or

service; the amount of time before which a consumer will receive settlement of

that consumer's debts; or the reduction or cessation of collection calls;

D.     that a consumer will receive legal representation;

E.     that any particular outcome or result from a Financial Product or Service is

guaranteed, assured, highly likely or probable, or very highly likely or probable;

## III.

### PROHIBITION AGAINST MISREPRESENTATIONS
### RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other Persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with

promoting or offering for sale any good or service, are permanently restrained and enjoined from

misrepresenting or assisting others in misrepresenting, expressly or by implication, any material

fact, including but not limited to:

7

A.  that any Person is an attorney or affiliated or associated with an attorney or law firm;

B.  the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer;

C.  that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person, government entity, or other public or commercial entity, including an attorney's office, law firm, or court system;

D.  the nature, expertise, position, or job title of any Person who provides any product or service; and

E.  any other fact material to a consumer's decision to purchase any good or service, such as (1) the total costs to purchase, receive, or use, and the quantity of, any good or service; (2) any material restriction, limitation, or condition to purchase, receive, or use any good or service; or (3) any material aspect of the performance, efficacy, nature, or central characteristics of any good or service.

## IV.

### PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication,

about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## V.

### PROHIBITION ON DISCLOSURE OF SENSITIVE PERSONAL INFORMATION AND INACCURATE CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.      selling, transferring, or otherwise disclosing the Sensitive Personal Information of a consumer (other than the Individual Defendant or his immediate family) to any Person; provided, however:

1. Defendants are not prohibited from transferring or otherwise disclosing a consumer's Sensitive Personal Information to the extent necessary to process payment for any product or service sold by any Defendant directly to that consumer and for which the Defendant has the consumer's express, informed consent for that sale; and

2. Defendants are not prohibited from filing an insurance claim or, in exchange for healthcare services rendered to a consumer, processing payments from a

9

consumer, a consumer's health insurance company, or government program

for which the Defendant has the consumer's express, informed consent.

B.      furnishing information relating to any consumer to any consumer reporting

agency, notwithstanding any alternative compliance methods that may be

generally available under Section 623(a)(1)(C) of the Fair Credit Reporting Act,

15 U.S.C. § 1681s-2(a)(1)(C), while knowing or having cause to believe that the

information is inaccurate.

## VI.

## CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient consumer information to enable the Plaintiffs to

efficiently administer consumer redress.  If representatives of either Plaintiff

request in writing any information related to redress, Defendants must provide it,

in the form prescribed by the Plaintiff, within 14 days;

B.      disclosing, using, or benefitting from consumer information, including the name,

address, telephone number, email address, social security number, other

identifying information, or any data that enables access to a consumer's account

(including a credit card, bank account, or other financial account), that any

Defendant obtained prior to entry of this Order; and

C.      failing to destroy such consumer information in all forms in their possession,

custody, or control within 30 days after entry of this Order.

**Provided, however**, that consumer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by law, regulation, or

court order.

## VII.

## <u>MONETARY JUDGMENT AND PARTIAL SUSPENSION</u>

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of six million, seven hundred and fifty thousand dollars

($6,750,000) is entered in favor of the Plaintiffs against the Defendants, jointly

and severally, as equitable monetary relief.

B.      Defendants are ordered to pay to make the following payments to Plaintiffs:

1.      Individual Defendant Shaevel shall pay two hundred and thirty-five

thousand dollars ($235,000).

2.      Individual Defendant Purizhansky shall pay two hundred and thirty-five

thousand dollars ($235,000).

3.      Corporate Defendants shall pay two hundred and six thousand, five

hundred and seventy-five dollars ($206,575).

Such payments must be made within 7 days of entry of this Order by electronic

fund transfer in accordance with instructions previously provided by a

representative of the Commission.  Upon such payments, the remainder of the

judgment is suspended, subject to the Subsections below.

C. The Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements, deposition testimony, and related documents (collectively, "financial statements") submitted to the Plaintiffs, namely:

    1.    the Financial Statement of individual defendant Andrew J. Shaevel signed on July 6, 2018, including the attachments;

    2.    the Financial Statement of individual defendant Jon E. Purizhansky signed on September 14, 2018, including the attachments;

    3.    the deposition of individual defendant Andrew J. Shaevel and corporate defendant Hylan Asset Management, LLC  on July 18, 2018;

    4.    the deposition of individual defendant Jon E. Purizhansky and corporate defendants 6P, LLC, and 6P Management Corporation on October 19, 2018;

    5.    the Financial Statements, including the attachments, of Corporate Defendants:  Hylan Asset Management, LLC, signed by Jean Taggert on July 6, 2018; 6P Management Corporation, signed by Jon E. Purizhansky on September 14, 2018; 6P, LLC, signed by Jon E. Purizhansky on April 1, 2019; Bobalew Management Corporation, signed by Andrew Shaevel on February 25, 2019; Bobalew, LLC, signed by Andrew Shaevel on February 25, 2019; and

    6.    Andrew Shaevel's Responses to Plaintiffs Questions Concerning Windsor Park Capital LLC, sworn to on April 18, 2019.

D.  The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Plaintiffs, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or the NY AG, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission or the NY AG pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants

previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

J.      All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by the Plaintiffs or their designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If representatives of the Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as they determine to be reasonably related to Defendants' practices alleged in the Complaint.  The Plaintiffs shall retain authority and sole discretion over the division among Plaintiffs of any funds not used for equitable relief.  Any money paid to the Commission not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Any money paid to the State of New York not used for equitable relief may be used to the full extent authorized by the State of New York's laws, including but not limited to, as payment for the State of New York's costs of investigating and litigating the instant case.  Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

## VIII.

### COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendants must appear and Corporate Defendants must cause Corporate Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiffs' representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiffs' representative may designate, without the service of a subpoena.

## IX.

### ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission and the NY AG an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 10 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, payment processors, and

15

representatives who participate in conduct related to the subject matter of Sections I and II of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to Plaintiffs:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with

each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title

17

or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Each Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Hylan Asset Management, LLC, et al., X180037. Unless otherwise directed by a NY AG representative in writing, all submissions to the NY AG pursuant to this Order must be emailed to christopher.boyd@ag.ny.gov or sent by overnight courier (not the U.S. Postal Service) to: Bureau of Consumer Frauds, New York State Office of the Attorney

General, 350 Main Street, Suite 300A, Buffalo, New York 14202. The subject

line must begin: FTC v. Hylan Asset Management, LLC, et al.

## XI.

## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years

after entry of the Order, and retain each such record for 5 years. Specifically, each Corporate

Defendant and Individual Defendant for any business that such Defendant, individually or

collectively with any other Defendants, is a majority owner or controls directly or indirectly,

must create and retain the following records:

A.   accounting records showing the revenues from all business activity;

B.   personnel records showing, for each Person providing services, whether as an

employee or otherwise, that Person's: name; addresses; telephone numbers; job

title or position; dates of service; and (if applicable) the reason for termination;

C.   records of all consumer complaints and refund requests, whether received directly

or indirectly, such as through a third party, and any response;

D.   all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to Plaintiffs; and

E.   copies of all contracts with payment processors.

## XII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance

with this Order, including the financial representations upon which part of the judgment was

suspended and any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the Plaintiffs, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Plaintiffs are authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Plaintiffs to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.   The Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 24th day of _____ June _____, 2019

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

LETITIA JAMES
Attorney General of the
State of New York

_____
MICHAEL WHITE
MATTHEW J. WILSHIRE
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-2976 (Wilshire)
Telephone: (202) 326-3196 (White)
Facsimile: 202-326-3768
Email: mwilshire@ftc.gov;
mwhite1@ftc.gov;

Attorneys for Plaintiff Federal Trade
Commission

_____
CHRISTOPHER L. BOYD
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov

Attorney for Plaintiff the People of the
State of New York

**FOR DEFENDANTS:**

_____
DENNIS C. VACCO
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza
Buffalo, NY 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: dvacco@lippes.com

Attorney for Defendants Andrew Shaevel,
Jon Purizhansky, Hylan Asset
Management, LLC, Bobalew, LLC,
Bobalew Management Corporation, 6P,
LLC, and 6P Management Corporation

**DEFENDANTS:**

_____    _____
ANDREW J. SHAEVEL                  JON E. PURIZHANSKY
Individually and as an officer of Hylan    Individually and as an officer of Hylan
Asset Management, LLC, Bobalew, LLC,    Asset Management, LLC, 6P, LLC, and 6P
and Bobalew Management Corporation    Management Corporation